Per Curiam.
This case seems to have been regarded upon the trial, as one of conversion, founded upon the refusal of the defendant, upon demand, to deliver the shares of stock.
The learned judge speaks of it, as a “wrongful refusal.” The complaint simply states the facts, out of which the defendant’s obligation' to deliver the shares arose, and alleges that without just cause, the defendant, although the shares were demanded, refused to deliver. The conversion, if any, arose, therefore, upon the demand and refusal, and was constructive and not actual. The defendant, however, afterward and before suit brought, changed his mind, and tendered the shares, and they were received.
The plaintiff offered to prove on the trial, that subsequent to his demand for the shares, and before their delivery, they had fallen in price. This offer was refused, and an exception was taken.
The judge in the end charged the jury, that the measure of damages was the interest on the value of the shares, from the day of the refusal to deliver, when requested, up to the day of the actual delivery, and fixed the amount.
These rulings give rise to the only question involved in the plaintiff’s appeal. We think that the exclusion of the evidence offered, and the rule of damages laid down by the judge was erroneous, in any light in which the action may be viewed, whether it be considered as one on contract, or for a conversion.
As one upon contract, the amount of the damages, was not one of law, but of fact, and included the loss which the plaintiff had sustained by the breach. That would be the difference between the value of the stock on the day of the demand and refusal, and the value at the time the same was actually delivered, to be computed by the jury.
*219 It is suggested that the plaintiff, after the refusal, could have purchased or sold, in the meantime. That is speculative. He was not bound to buy other shares, and he had none to sell, owing to the defendant’s refusal.
Regarded as an action for a conversion, the defendant, notwithstanding his refusal at first, could afterwards, as he did, deliver the shares, and such subsequent delivery, under the cases to which our attention was called upon the argument, might be taken in mitigation of damages.
Judgment reversed, and new trial ordered, with costs to abide the event.